IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AFFILIATED FOODS MIDWEST COOPERATIVE, INC., | ) ) ) | |
| Plaintiff, | ) ) | 8:06CV532 |
| v. | ) ) | |
| INTEGRATED DISTRIBUTION SOLUTIONS, LLC, a Nebraska Limited Liability Co., and RETALIX, LTD., a corporation, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) | |

This matter is before the Court on a motion to compel arbitration filed by defendant Integrated Distribution Solutions, LLC, ("IDS") (Filing No. 13); a motion to dismiss filed by defendant Retalix, LTD. ("Retalix") (Filing No. 16); and a motion to stay the requirement of filing a responsive pleading pending the Court's ruling on IDS's motion to compel arbitration (Filing No. 19). Having reviewed the motions, the parties' briefs and evidentiary submissions, and the applicable law, the Court finds IDS' motion to compel arbitration should be granted, will reserve judgment on Retalix's motion to dismiss pending the outcome of arbitration, and will deny as moot IDS's motion to stay the requirement of filing a responsive pleading.

## BACKGROUND

The complaint alleges Affiliated Foods is a retailer-owned grocery wholesale cooperative, conducting business from

Norfolk, Nebraska, and Elwood, Kansas, and IDS is a Nebraska limited liability company that was succeeded in interest by Retalix, a publicly-traded company with its principal place of business in Ra'anana, Israel.  Affiliated Foods and IDS entered into a customer agreement ("the agreement") on or about March 31, 2004, in which Affiliated Foods agreed to buy, and IDS agreed to provide, software components and support, known as the IDS Power Enterprise Software Solution, which is designed exclusively for the food distribution industry.  Affiliated Foods claims it fully performed its obligations under the agreement, but it alleges IDS and Retalix (collectively, "defendants") failed to perform their obligations.  Affiliated Foods filed a lawsuit against defendants in the District Court of Madison County, Nebraska, on June 28, 2006, requesting an injunction and claiming misrepresentation and concealment, breach of contract, and breach of warranties (Filing No. 1 ("Complaint")).  Retalix timely removed the case to this Court, alleging diversity jurisdiction.[1]

IDS moves to compel arbitration of Affiliated Foods' claims, arguing the agreement requires the parties to resolve all

---

[1] Retalix claims there is diversity jurisdiction because "IDS is a nominal defendant. . . . '[a]gainst whom no real relief is sought.'" (Filing No. 1 at 3) (quoting *Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir. 2002).  The complaint states that Retalix acquired IDS and assumed IDS's liabilities and obligations. (Complaint ¶¶ 11,13).  Thus, it appears that IDS is a nominal defendant and should not be considered when determining diversity of citizenship.  *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 461 (1980). The remaining parties are diverse, and the amount in controversy exceeds the statutory minimum.

disputes relating to the agreement in arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et. seq*. The agreement contains the following provision:

> This Agreement is governed by and construed in all respects in accordance with the laws of the State of Nebraska, U.S.A. . . . Except for disputes for which injunctive relief is sought, any disputes arising under this Agreement shall be submitted to binding arbitration in Omaha, Nebraska in accordance with the then prevailing rules of the American Arbitration Association. Any action, to confirm an arbitration award or any other legal action related to this Agreement, shall be instituted only in federal or state court in the State of Nebraska, and Client shall submit to personal jurisdiction of these courts in any such legal action.

(Filing No. 15 Ex.1 ("Agreement") § 18.1). IDS further moves to stay the requirement of filing a responsive pleading pending the Court's ruling on its motion to compel arbitration.

Retalix moves to dismiss, claiming: (1) insufficient service of process under Fed. R. Civ. P. 12(b)(5); (2) failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b); and (3) failure to comply with the arbitration provision.

## DISCUSSION

IDS moves the Court to compel arbitration. In analyzing motions to compel arbitration, courts must first

determine whether there is a valid agreement to arbitrate. If there is such an agreement, courts must then determine whether the dispute at issue is within the scope of the agreement. *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). The party resisting arbitration bears the burden of demonstrating the motion to compel arbitration should be denied. *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960); *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 945 (8th Cir. 2001). Federal policy favors arbitration, and there is a strong presumption of arbitrability. "The [FAA] preempts all state laws that reflect a policy disfavoring arbitration and which are designed specifically to limit arbitration." *Id*.

Affiliated Foods argue IDS' motion to compel arbitration should be denied because: (1) the defendants waived the right to compel arbitration by invoking the jurisdictional power of the Court and acting inconsistently with that right;[2]

---

[2] Affiliated Foods' brief in opposition to defendants' motions refers to the defendants collectively and does not identify which actions were taken specifically by IDS to waive its right to compel arbitration. The actions identified as being inconsistent with the right to compel arbitration, the removal of the action to this Court

and (2) the agreement's arbitration provision is void for breach of Nebraska statutory requirements.

The Court rejects Affiliated Foods' first argument that defendants have waived the right to compel arbitration by acting inconsistently with that right. "A party acts inconsistently with its right [to compel arbitration] if it '"s]ubstantially invoke[s] the litigation machinery" before asserting its arbitration right. . . .'" *Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (citations omitted). Acts that are allegedly inconsistent with a right to compel arbitration must prejudice the opposing party in order to constitute a waiver of the right. *Id*. Prejudice may occur when a party uses discovery that is not available in arbitration or litigates substantial issues on the merits or when an order to compel arbitration would require the parties to duplicate their efforts. *Id*. The Court finds that even if Affiliated Foods were able to prove the defendants have taken acts inconsistent with the right to arbitrate, Affiliated Foods has not, and cannot, prove it has been prejudiced, as this case is in the very early stages of litigation, and the claims have yet to be argued on the merits.

---

and the filing of a motion to dismiss, were taken by Retalix. Retalix disputes the notion that it has moved the court to compel arbitration. The Court notes that IDS, not Retalix, formally moves the Court to compel arbitration. The Court makes no ruling as to whether Retalix implicitly moved the Court to compel arbitration or whether it is entitled to make such a motion.

Likewise, the Court finds unpersuasive Affiliated Foods' second argument that the agreement's arbitration provision is void because it violates § 25-2602.02 of the Revised Statutes of Nebraska.  Section 25-2602.02 states:

> The following statement shall appear in capitalized, underlined type adjoining the signature block of any standardized agreement in which binding arbitration is the sole remedy for dispute resolution: THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

Neb. Rev. Stat. § 25-2602.02.[3]

The FAA preempts state law on the interpretation and construction of arbitration provisions that fall within the scope of the FAA.  *Cybertek, Inc. v. Bentley Systems, Inc.*, 182 F. Supp. 2d 864, 868 (D. Neb. 2002) (citing *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 806 (8th Cir. 1986)).  The FAA applies to any arbitration provision in "a contract evidencing a transaction involving commerce."  9 U.S.C. § 2;[4] 10 A.L.R. Fed.

---

[3] Affiliated Foods claims the agreement at issue is a standardized agreement but, at the same time, concedes that the agreement "contains non-standardized terms."  The Court finds it unnecessary to determine whether the agreement qualifies as a standardized agreement because, as the Court will explain, the section is preempted by the FAA.

[4] Section 2 provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing

2d 489 (citing *Citizens Bank v. Alafabco*, *Inc.*, 539 U.S. 52 (2003)).  The United States Supreme Court interprets the phrase "involving commerce" broadly and has determined it is equivalent to the phrase "affecting commerce."  10 A.L.R. Fed. 2d 489 (citing *Alafabco,* 539 U.S. at 56).  IDS argues that the agreement involves commerce because it provides for the sale and purchase of goods in both Nebraska and Kansas.[5]  The Court agrees with IDS's assessment of the commerce issue; the complaint alleges: (1) IDS agreed to provide software and services to Affiliated Foods; and (2) Affiliated Foods conducts business in both Nebraska and Kansas.

An arbitration provision may not be invalidated under a state law that solely targets contracts containing an arbitration provision, and is not applicable to "any contract."  *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 683 (1996).  In *Casarotto*, the Supreme Court reversed a Montana Supreme Court decision which held that an arbitration provision was unenforceable because it violated Montana state law.  Under the

---

controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of *any contract*.

9 U.S.C. § 2 (emphasis added).

[5] Affiliated Foods does not address the commerce issue in its opposition brief.

former § 27-5-114(4)[6] of the Montana Code Annotated, arbitration provisions in contracts were unenforceable unless notice of the arbitration was "typed in underlined capital letters on the first page of the contract." *Casarotto,* 517 U.S. at 683.  Citing § 2 of the FAA, the Supreme Court held that federal law preempts state laws that place contracts with arbitration provisions in a class apart from "any contract" by singularly restricting their validity.  *Id.* at 688.

Section 25-2602.02 of the Nebraska Code is substantially similar to the Montana state law addressed in *Casarotto* in that it creates a requirement that only applies to contracts containing an arbitration provision, rather than "any contract."  Based on the reasoning of *Casarotto*, the Court finds that Neb. Rev. Stat. § 25-2602.02 does not void the agreement's arbitration provision, and that the agreement is valid.

With respect to the second prong of the Court's inquiry, the Court must determine whether the arbitration provision encompasses Affiliated Foods' claims.  Affiliated Foods concedes that there is a presumption of arbitrability; yet, it does not dispute the defendants' argument that Affiliated Foods' claims fall under the arbitration provision.  As the party

---

[6] Mont. Code Ann. § 27-5-114(4) was deleted by the Montana State Legislature in 1997 following the *Casarotto* decision.

opposing arbitration, Affiliated Foods bears the burden of demonstrating that the arbitration provision does not encompass the dispute; Affiliated Foods fails to meet its burden.[7]  *Green Tree*, 531 U.S. at 92.

The FAA requires arbitration of Affiliated Foods' claims; therefore, the Court will grant IDS's motion to compel arbitration.  This matter will be stayed pending the outcome of arbitration.  *See* 9 U.S.C. § 3.[8]  The Court will reserve judgment on Retalix's motion to dismiss because it is unnecessary to address that motion at this time.  Accordingly,

---

[7] The agreement calls for arbitration of disputes unless injunctive relief is sought.  Although, the complaint purports to make a claim for an "injunction," this is not a cause of action.  The requested remedy for the valid claims in the complaint, misrepresentation and concealment, breach of contract, and breach of warranties, is money damages.  Before any relief is granted in this matter, a determination must be made on the merits of these claims.  "The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).  The arbitration provision at hand is susceptible to an interpretation that it covers Affiliated Foods' claims; therefore, the Court will compel arbitration.

[8] Title 9, U.S.C. § 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

IT IS ORDERED:

1) IDS's motion to compel arbitration (Filing No. 13) is granted;

2) The Court reserves judgment on Retalix's motion to dismiss (Filing No. 16) pending the outcome of arbitration;

3) IDS's motion to stay the requirement of filing a responsive pleading pending the Court's ruling on IDS's motion to compel arbitration (Filing No. 19) is denied as moot;

4) The Court will stay this action pending the outcome of arbitration; and

5) Plaintiffs shall inform the Court upon the termination of such arbitration proceedings.

DATED this 23rd day of October, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court